UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:14-CR-463-T-30AEP

OSCAR CASTILLO BARAHONA
_____/

**SENTENCING MEMORANDUM**

**COMES NOW**, the Defendant, Mr. Oscar Castillo Barahona ("Mr. Barahona"), by and through his undersigned attorney, Mr. Adam J. Nate, pursuant to *18 U.S.C. §§ 3553* and *3551* and the *United States Sentencing Guidelines* ("*U.S.S.G.*"), and hereby files this Sentencing Memorandum in support of his request for a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in *18 U.S.C. § 3553*.

As grounds for this request, the Defendant states the following:

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Barahona is forty-nine years old and was born on January 25, 1966, in Aldea Las Tablas, Guatemala, the country he has always called home. *Presentence Investigation Report ("PSR") ¶ 34*. The environment and setting Mr. Barahona was raised in, and continued in after entering adulthood, is best characterized as poverty-stricken and depressed. *PSR ¶ 34*. It is also a dangerous and violent

1

place, and Mr. Barahona has personally suffered as a result of this danger and violence, being robbed and stabbed on a street in Guatemala in 1985. *PSR ¶ 54*. His father, Francisco Castillo Mendez, died when Mr. Barahona was only a year old, leading both himself and his siblings to replace whatever education they could afford with working to support themselves and one another. *PSR ¶ 34 and 36*. For example, Mr. Barahona was forced to drop out of school in the third grade and begin working. *PSR ¶ 61*.

Mr. Barahona managed to endure and build a life in these difficult circumstances and ongoing challenges. Today, he has two living children from a previous relationship: Alma, age seventeen, and Carol, age ten. *PSR ¶ 47, 49 – 50*. Both live in Guatemala. *Id*. His first daughter from this relationship, Reyna, died in a car accident in 2012 when she was nineteen years old, which understandably led to a time of intense depression in his life which was never clinically treated. *PSR ¶ 47 – 48; 57*. Mr. Barahona also has a step-daughter, Lorena, who is thirty-two years old and also lives in Guatemala. *PSR ¶ 51*.

Mr. Barahona is a hard-worker, and since 2002 he has worked in the local fishing trade. *PSR ¶ 65*. This involved catching fish for his own sustenance and selling whatever was left over, which still left him and his family reduced to a relatively meager existence. *Id*. In late September 2014, Mr. Barahona, along with a crew of six other men, was arrested after the vessel they were on was interdicted

and seized by the United States Coast Guard. *PSR ¶ 11 – 13*. The ship was reported to have been transporting an estimated 562 kilograms of cocaine. *Id*. On November 13, 2014, a federal grand jury in the Middle District of Florida, Tampa Division, returned a two-count Indictment that charged Mr. Barahona, and six co-defendants, with conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of *46 U.S.C. §§ 70503(a)(1), 70506(a) and (b)*, as well as *21 U.S.C. § 960(b)(1)(B)(ii)*. *PSR ¶ 1 – 3*.

On February 24, 2015, after timely notifying authorities of his intention to enter a plea of "Guilty," Mr. Barahona pled "Guilty" to Count One of the Indictment pursuant to a written plea agreement with the United States Attorney's Office for the Middle District of Florida, Tampa Division ("the United States"), clearly demonstrating his acceptance of responsibility for his part in the charged offenses. *PSR ¶ 5*. Pursuant to the written plea agreement between Mr. Barahona and the United States, the United States will recommend a three-level reduction in the Defendant's Base Offense Level given the Defendant's acceptance of responsibility consistent with *U.S.S.G. §3E1.1*. *PSR ¶ 6*. At the time of sentencing, it is Mr. Barahona's understanding that the United States will advise the Court as to the nature and extent of the cooperation and assistance provided by Mr. Barahona pursuant to the cooperation arrangement set out in the written plea

agreement between the Defendant and the United States. In summary, Mr. Barahona met and cooperated with law enforcement agents on multiple occasions and truthfully told them everything that he knew related to his case and charges. His assistance to and collaboration with law enforcement agents was forthright and meaningful. Based on this cooperation, it is also Mr. Barahona's understanding that the United States will recommend a downward departure pursuant to *18 U.S.C. 3553(e)* and *U.S.S.G. §5K1.1*. Mr. Barahona understands that he will continue to be incarcerated after his sentencing hearing, and after his term of imprisonment is complete he will be deported. After his release he hopes to return to his family in Guatemala and begin a new career related to agriculture. *PSR ¶ 53*.

## MEMORANDUM OF LAW AND ARGUMENT

This Court must consider the factors set forth in *18 U.S.C. § 3553(a)* in determining Mr. Barahona's sentence. Considering each of the relevant factors in light of this case, and Mr. Barahona's life and background, he should receive a downward variance and be sentenced below his Advisory Guideline Range. While Mr. Barahona committed a federal crime, he admitted his involvement in a timely manner, expressed extraordinary remorse and regret over his participation in the crime, cooperated extensively with law enforcement officers, pled guilty pursuant to an agreement that surrendered significant appellate rights, and entered his guilty plea knowing he will be deported after serving a term of incarceration.

4

Furthermore, the nature and circumstances of his offense and his personal history (e.g., the death of his father at a young age, his impoverished upbringing and lack of formal education, and the death of his daughter) and personal characteristics weigh in favor of a sentence below the Advisory Guideline Range. While his behavior and actions related to this case were wrong, they were not violent in nature. Mr. Barahona never used violence and never issued threats of violence, he has no criminal history, and he poses no personal danger to anyone in any society. Finally, his involvement in the conspiracy and role in the offense was not even remotely sophisticated.

In addition, under the parsimony principal, which requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purpose' of sentencing" set forth in *18 U.S.C. § 3553(a)(2)*, the sentence in this case should be the minimum necessary to accomplish the listed purposes. Each of the purposes listed by *§ 3553(a)(2)* would be achieved with a sentence below the Advisory Guideline Range. With regard to a just punishment and deterrence, Mr. Barahona's actions were no doubt morally wrong, legally forbidden, and misguided, and a sentence below the Advisory Guideline Range, which will be followed with deportation, would effectively and adequately punish him for those actions. Such a sentence would also deter him from returning to such unlawful and immoral activities in the future, no matter how desperate he became, and would

lead both Mr. Barahona and the general public to seriously consider the behavior they choose to engage in.

## CONCLUSION

For the reasons stated herein, Mr. Barahona respectfully urges this Court to impose a sentence below the Advisory Guideline Range. Such a sentence will be reasonable and will adequately take into account the *U.S.S.G.* and the factors set forth in *18 U.S.C. § 3553(a)*.

Mr. Barahona also requests that this Court make the following recommendations as part of his sentence:

1) Recommend Mr. Barahona be housed at a facility that would afford him the opportunity to learn and become proficient in the English language;

2) Recommend Mr. Barahona be allowed to work and participate in the UNICOR Program if he fulfills the programs eligibility requirements; and

3) Recommend Mr. Barahona be housed at a facility that would afford him the opportunity to learn a vocational trade.

**WHEREFORE**, the Defendant, Mr. Oscar Castillo Barahona, respectfully requests a sentence below the Advisory Guideline Range, which is a reasonable sentence that is no greater than necessary to comply with the purposes of sentencing enumerated in *18 U.S.C. § 3553*.

DATED this 21 day of July, 2015.

        Respectfully submitted,

        DONNA LEE ELM
        FEDERAL DEFENDER

        _____
        Adam J. Nate
        Florida State Bar No. 0077004
        Assistant Federal Defender
        400 North Tampa Street
        Suite 2700
        Tampa, Florida 33602
        Telephone: 813-228-2715
        Fax: 813-228-2562
        Email: Adam_Nate@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July, 2015, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs

           __/s/ *Adam J. Nate*
           Adam J. Nate
           Assistant Federal Defender